UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)
CASE NO.:

RICHARD FORDE, individually,

    Plaintiff,

v.

BELLA ALBERTSON LLC, a Florida
limited liability company, ADVOCATE
STAFFING SERVICES, LLC, a Florida
limited liability company,
ROBERT HALLOCK, individually,
and ANDREW STRANGE, individually,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, RICHARD FORDE ("Mr. Forde" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants, BELLA ALBERTSON LLC ("Bella Albertson"), ADVOCATE STAFFING SERVICES, LLC ("Advocate Staffing")(collectively, the "Corporate Defendants"), ROBERT HALLOCK ("Mr. Hallock"), ANDREW STRANGE ("Mr. Strange")(the "Individual Defendants")(collectively the "Defendants") and as grounds therefore states as follows:

### INTRODUCTION

1.    This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"), and Article X, § 24 of the Florida Constitution.

## JURISDICTION

2. This Court has original jurisdiction as certain of the claims herein are brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), to recover unpaid minimum and overtime wages, an additional amount as liquidated damages, and reasonable attorneys' fees and costs.

3. This Court has original jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1343(a)(4).

4. At all times pertinent to this Complaint, each of the Corporate Defendants was an enterprise engaged in interstate commerce.

5. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. Each of Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity with the Southern District of Florida.

7. Each of Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

   b. Defendants are, and continue to be, a corporation and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Palm Beach County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. Bella Albertson is a Florida for-profit limited liability company with its principal place of business in Palm Beach County, Florida.

11. Advocate Staffing is a Florida for-profit limited liability company with its principal place of business in Palm Beach County, Florida.

12. Mr. Hallock is an individual resident of the State of Florida and principal owner and operator of each of Bella Albertson and Advocate Staffing. Along with Mr. Strange, Mr. Hallock owns and operates both Bella Albertson and Advocate Staffing and regularly exercises the authority to: (a) hire and fire employees of both Corporate Defendants; (b) determine the work schedules of employees of both Corporate Defendants; and (c) control the finances and operations of both Corporate Defendants.

13. Mr. Strange is an individual resident of the State of Florida and principal owner and operator of each of Bella Albertson and Advocate Staffing. Along with Mr. Hallock, Mr. Strange owns and operates both Bella Albertson and Advocate Staffing and regularly exercises the authority to: (a) hire and fire employees of both Corporate Defendants; (b) determine the work schedules of employees of both Corporate Defendants; and (c) control the finances and operations of both Corporate Defendants.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 206 and § 207 of the FLSA.

15. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum for the applicable and relevant time periods herein.

18. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

19. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

20. At all times material hereto, and as discussed more fully below, each of the Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

21. At all times material hereto, and as discussed more fully below, Plaintiff was an "employee" of each of the Defendants within the meaning of the FLSA.

## STATEMENT OF FACTS

**I. The Corporate Defendants are a singular and collective corporate enterprise conducting business under the exclusive ownership and control of the Individual Defendants.**

22. As set forth more fully above, each of the Corporate Defendants were and are both engaged in the business of providing internet- and telephone-based prescription assistance services to uninsured and under-insured people requiring assistance in qualifying or paying for prescription assistance programs.

23. The Individual Defendants own, operate, and control each of the Corporate Defendants and at all times material hereto (as discussed herein) such Corporate Defendants are believed to have shared the same books, bank accounts, payrolls, equipment, office space, computer systems, employees, and, most significantly, ownership and management, i.e., the Individual Defendants, at all times material hereto.

24. In this way, as explained more fully below, the Corporate Defendants are not truly separate and independent entities; rather they are a singular and collective corporate enterprise conducting business under the exclusive ownership and control of the Individual Defendants.

25. Plaintiff began working for Bella Albertson in or about May 2014 and worked exclusively for Bella Albertson (because Advocate Staffing was not yet operational) through and including January 1, 2018.

26. On or about October 9, 2017, while Bella Albertson was in existence and operation (and while Plaintiff was still employed there full-time), Individual Defendants formed Advocate Staffing and began operating the business, which was substantially the same business as Bella Albertson, on or about January 1, 2018.

27. Upon information and belief, the Individual Defendants formed Advocate Staffing to perform the exact same business as its predecessor, Bella Albertson, after that company saw a substantial decline in business due to the deterioration of its business reputation.

28. Advocate Staffing provides the same services as Bella Albertson, and from its inception Advocate Staffing employed (and continues to employ) almost the exact same work force as Bella Albertson did and does and utilizes the same offices, business infrastructure, office supplies, and materials.

29. Indeed, upon information and belief, Advocate Staffing was formed and began operating for the sole purpose of giving the appearance to consumers that it is a separate and distinct entity from Bella Albertson, but, in reality, the companies are one in the same and otherwise entirely indistinguishable to employees, and at any given time an employee of one or the other company, such as Plaintiff, is expected to work on the services and products provided by

the other company regardless of how they are compensated or who their technical "employer" is for the purposes of the companies' respective payrolls.

30. Commencing January 2, 2018, the Individual Defendants unilaterally began paying and employing Plaintiff through Advocate Staffing, but all parties considered Plaintiff to be an employee of both Corporate Defendants because there continued to be no meaningful distinction between Advocate Staffing and Bella Albertson and, in fact, Plaintiff continued to do work for both companies simultaneously even after Individual Defendants unilaterally dictated that Advocate Staffing had become his new employer.

31. As of the date of this filing, both Bella Albertson and Advocate Staffing remain operational and continue to do business simultaneously within the same niche industry.

32. Thus, the Corporate Defendants are so inextricably intertwined that they are each plainly nothing more than the alter egos of one another and the Individual Defendants, such that they each qualify, individually and collectively, as Plaintiff's "Employer" and Plaintiff qualifies as each of their "Employee" under the FLSA during the periods described herein.

33. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

34. At all times material hereto, Corporate Defendants each were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

35. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

36. At all times material hereto, regardless of which Corporate Defendant's work he was performing at any given time, Mr. Strange and Mr. Hallock directly supervised Plaintiff and/or were involved in the day to day operations of each of the Corporate Defendants.

37. At all times material hereto, Mr. Strange and Mr. Hallock were directly involved in the decision-making processes that affected employee compensation and/or hours worked by Plaintiff.

38. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## II.   Defendants fail to pay Plaintiff minimum wage and overtime as required by the FLSA.

39. In or about May 2014, Plaintiff began working for Bella Albertson as a clerical/processing representative. Commencing January 2, 2018, Plaintiff began simultaneously working for Advocate Staffing and Bella Albertson in the same capacity.

40. Mr. Forde's final day of employment for both Bella Albertson and Advocate Staffing was February 13, 2018.

41. During Mr. Forde's employment as a clerical/processing representative for Bella Albertson exclusively, he routinely worked over forty (40) hours per week but was not paid the standard time and one-half overtime wage mandated by the FLSA.

42. Specifically, from on or about May 12, 2017, Bella Albertson began paying Mr. Forde $750.00 per week, which was intended to amount to $18.75 per hour based on a forty (40) hour work week, regardless of the number of hours he worked for the company.

43. This arrangement continued exclusively with Bella Albertson through and including January 1, 2018, when he began receiving otherwise identical compensation ($750.00 per week regardless of the hours worked) through Individual Defendants' other, indistinguishable company, Advocate Staffing.

44. Commencing January 2, 2018, during Mr. Forde's simultaneous employment as a clerical/processing representative for the otherwise indistinguishable entities Bella Albertson and

7

Advocate Staffing, he routinely worked over forty (40) hours per week but was not paid the standard time and one-half overtime wage mandated by the FLSA.

45.     After he began working simultaneously for Bella Albertson and Advocate Staffing, Mr. Forde continued to receive $750.00 per week (from Advocate Staffing) regardless of the number of hours he worked for either company.

46.     Notably, even if Bella Albertson and Advocate Staffing are treated as two separate entities and Mr. Forde is determined to have been working two separate (albeit identical) jobs for such entities, he routinely worked in excess of forty (40) hours per work for **each** such entity and, indeed, routinely worked in excess of a combined eighty (80) hours per week and in some instances over one hundred (100) hours per week throughout the relevant period.

47.     Plaintiff has retained the undersigned to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (FLSA; UNPAID OVERTIME)

Plaintiff realleges Paragraphs 1 through 47 of this Complaint as if fully stated herein.

48.     Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal work week, Plaintiff worked additional hours in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half.

49.     Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

50.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

52. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53. At all times material hereto, Defendants failed—and continue to fail—to maintain proper time records as mandated by the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages, plus an equal amount as liquidated damages.

56. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b) and Fed. R. Civ. P. 54.

57. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of fewer hours than Plaintiff actually worked as well as the failure to pay overtime.

58. Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty or more hours in a work week, Defendants failed to properly pay Plaintiff, proper overtime wages and at one-half and one-and-one half his regular rate of pay for such hours.

WHEREFORE, Plaintiff, RICHARD FORDE, respectfully requests that judgment be entered in favor against the Defendants declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207; awarding Plaintiff overtime compensation in the amount calculated; awarding Plaintiff liquidated damages in the amount calculated; awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Plaintiff post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

Plaintiff realleges Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

59. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage. Specifically, Plaintiff's $750.00 per week "salary" was intended to compensate him for 40 hours of work, i.e., $18.75 per hour.

60. 29 U.S.C. § 206 requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

61. Because Defendants paid Plaintiff a flat amount of $750.00 per 40 hours work and Plaintiff routinely worked in excess of 40 hours per week for which he received no additional compensation, throughout all times material hereto, Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage, and for many hours, Plaintiff was paid no wage at all.

62. At all times material hereto, Defendants failed—and continue to fail—to maintain proper time records as mandated by the FLSA.

63. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

64. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage for hours worked when they know or should have known such was and is due.

65. As a direct and proximate result of Defendants' willful, intentional, and unlawful violations of the FLSA, Plaintiff suffered and continues to suffer damages and lost compensation for time worked, plus liquidated damages pursuant to the FLSA.

66. Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

67. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of fewer hours than Plaintiff actually worked as well as the failure to pay overtime.

68. Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more hours in a work week, Defendants failed to properly pay Plaintiff, at least minimum wage compensation for such hours.

WHEREFORE, Plaintiff, RICHARD FORDE, respectfully requests that judgment be entered in favor against the Defendants declaring that the Defendants have violated the minimum wage provisions of 29 U.S.C. § 206; awarding Plaintiff minimum wage compensation in the amount calculated; awarding Plaintiff liquidated damages in the amount calculated; awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C.

§ 216(b); awarding Plaintiff post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury as to all issues triable as of right by jury.

DATED this 26th day of April, 2018.

                                    Respectfully submitted,

                                    **SALPETER GITKIN, LLP**

By:   */s/ Joseph H. Rose*
        Joseph H. Rose, Esq.
        Fla. Bar No.: 56970
        *joe@salpetergitkin.com*
        One East Broward Boulevard—Suite 1500
        Fort Lauderdale, Florida 33301
        Telephone: (954) 467-8622
        Facsimile: (954) 467-8623
        ***Attorneys for Plaintiff***